**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.:**

JOE MYERESS,

      Plaintiff,

v.

CERVERA REAL ESTATE, INC and
JOANNA NATHALIE GUTIERREZ,

      Defendants.

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff JOE MYERESS by and through undersigned his counsel, brings this Complaint against Defendants CERVERA REAL ESTATE, INC and JOANNA NATHALIE GUTIERREZ for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff JOE MYERESS ("Myeress") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Myeress's original copyrighted works of authorship in its photographs. Myeress licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. Defendant Cervera Real Estate, Inc ("Cervera") is a licensed real estate corporation and broker.

3. Defendant JOANNA NATHALIE GUTIERREZ ("Gutierrez") is a real estate associate licensed in the state of Florida who is an employee under the brokerage of Cervera.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

4. Cervera and Gutierrez are collectively referred to herein as "Defendants."

5. Gutierrez distributed Myeress's copyrighted Work also without Myeress's permission, such as through real estate listings on multiple listing services. Gutierrez committed the violations alleged by copying and distributing Myeress's copyrighted works in connection with Gutierrez's real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Gutierrez's professional real estate businesses.

6. Defendant Cervera, the broker for Gutierrez, appears as listing broker website where Gutierrez committed the violations of Myeress's exclusive rights under the copyright act.

7. Defendant Cervera is liable for the infringement by Gutierrez because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

8. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like Cervera and Gutierrez, include an independent contractor relationship when such relationship is intended by and established between a broker (Cervera) and a sales associate (Gutierrez), and furthermore the existence of an independent contractor relationship shall not relieve the broker (Cervera) of its duties, obligations, or responsibilities, which include being responsible for the offences of Gutierrez. Fla. Stat., § 475.01(2).

9. As a result, even if Cervera designates its agents as "independent contractors," Gutierrez is an "employee" under the Florida Real Estate Code and the common law of

principal/agent in Florida, Cervera is vicariously liable for its agents' acts committed in connection with and in furtherance of Cervera's real estate brokerage business.

10. Myeress's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

11. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

12. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

13. Defendants are subject to personal jurisdiction in Florida.

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

15. Cervera Real Estate, Inc is a Florida Corporation with its principal place of business at 1450 South Miami Avenue, Miami, FL 33130, and can be served by serving its Registered Agent, at the same address.

16. Joanna Nathalie Gutierrez is a Florida licensed real estate sales associate, License Number SL3358014, who resides in Miami-Dade County, Florida, and can be served at 12965 SW 132 Terrace, Miami, FL 33186.

## THE COPYRIGHTED WORK AT ISSUE

17. In 2009, Myeress created a photograph entitled "aaa_nite," which is shown below and referred to herein as the "Work".



18. At the time Myeress created the Work, Myeress applied copyright management information to the Work consisting of the words "Joe Myeress Photography" and a camera icon in the bottom right corner of the Work.

19. Myeress registered the Work with the Register of Copyrights on April 8, 2015 and was assigned the registration number VA 1-955-450. The Certificate of Registration is attached hereto as Exhibit 1.

20. Myeress's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. At all relevant times Myeress was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

22. The Defendants have never been licensed to use the Work at issue in this action for any purpose.

23. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Work or made derivative works from the Work.

24. Gutierrez copied Myeress's copyrighted Work from the internet, obtained the Work from the internet, or obtained the Work from other real estate associates.

25. After Gutierrez copied the Work, they made further copies and distributed the Work on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Work or similar properties as part of their professional real estate businesses.

26. Gutierrez copied and distributed Myeress's copyrighted Work in connection with their real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Cervera's professional real estate business, and in the course and scope of rendering professional real estate services as associates and brokers.

27. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

28. In connection with their infringement of the Work at issue in this action, Defendants removed copyright management information from the Work as evidenced by the documents attached hereto as Exhibit 2.

29. Myeress never gave the Defendants permission or authority to copy, distribute or display the Work at issue in this case, or create derivative works or the Work.

30. Myeress notified the Defendants of the allegations set forth herein on November 14, 2018 and on November 29, 2018. To date, Cervera has failed to respond to Plaintiff's Notices. Copies of the Notices to Cervera are attached hereto as Exhibit 3.

31. Myeress never gave the Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Plaintiff incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Myeress owns a valid copyright in the Work at issue in this case.

34. Myeress registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Myeress's authorization in violation of 17 U.S.C. § 501.

36. Defendants performed the acts alleged in the course and scope of their business activities.

37. Defendants' acts were willful.

38. Myeress has been damaged.

39. The harm caused to Myeress has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

40. Plaintiff incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. The Work at issue in this case contains copyright management information ("CMI").

42. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

43. Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Myeress's rights in the Work at issue in this action protected under the Copyright Act.

44. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Myeress's rights in the Work at issue in this action protected under the Copyright Act.

45. Defendants' acts were willful.

46. Myeress has been damaged.

47. The harm caused to Myeress has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Cervera Real Estate, Inc and Joanna Nathalie Gutierrez that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff his actual damages and Defendants profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: September 17, 2019                    Respectfully submitted,

/s/Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Joe Myeress*