# Exhibit 3



**Joel B. Rothman**
*Board Certified in Intellectual Property Law*

Direct: 561.404.4335
joel.rothman@sriplaw.com

Admitted to Practice
Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
W.D. Michigan
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

November 14, 2018

**VIA FEDEX**
Ms. Joanna N. Gutierrez
12965 SW 132 Terrace
Miami, FL 33186

**Re:    Myeress v. Gutierrez**
        **Our File No.:  00247-0031**

Dear Ms. Gutierrez,

We write on behalf of our client Joe Myeress, a photographer, for purposes of resolving a case of copyright infringement against you by our client.  This demand is privileged from disclosure pursuant to FRE Rule 408.

Please provide this letter to your general liability insurance carriers or other providers of insurance that may cover this claim and refer them to the enclosed demand pursuant to § 627.4137, Florida Statutes, for insurance information in this matter.

*Joe Myeress ("Myeress")*
Our client is an experienced professional photographer who makes a living from photography.  Myeress is an experienced professional photographer who previously served in The United States NAVY as a photographer for 5 years.  Myeress was 1 of 10 chosen military photographers to photograph President George H. Bush's Inauguration, and his images of this event have become part of the National Archives. Myeress also photographed the Summit at the White House between President George Bush and President Mikhail Gorbachev of the Soviet Union.

Myeress retains all copyrights to his photographs.  Myeress licenses his copyrighted Works, such as the one in this case, for commercial use.

The Work at issue is shown below.  At the time the Work was created, Myeress applied Copyright Management Information to the image.

Joanna Gutierrez
Ms. Joanna Gutierrez
November 14, 2018
Page 2



Myeress registered the Work with the Register of Copyrights on April 8, 2015 and was assigned the registration number VA 1-955-450, a copy of which is enclosed.

*Infringement by Joanna Nathalie Gutierrez ("Gutierrez")*
The infringement at issue was identified on May 5, 2018.  We have enclosed contemporaneous evidence of the infringement by Gutierrez.  In addition to the infringement, Myeress' photograph was very obviously cropped as shown on the attached.

You have employed our client's image in at least the manner indicated in the evidence attached.  Your unauthorized use commenced on at least the date indicated above.  You are fully aware that the Work you used is our client's Work.  No one from your company ever sought a license from our client to use the image for any purpose.

Joanna Gutierrez
Ms. Joanna Gutierrez
November 14, 2018
Page 3

You have copied, displayed and distributed our client's image without permission, license or consent. The use of a creator's photographic image without written consent or license violates the United States Code, Title 17, and The Copyright Act. The Copyright Act provides for entry of an injunction directing removal of the offending materials pending litigation. This letter shall serve as formal notice that you immediately cease and desist all unauthorized uses of our client's image. Any such further uses shall be at your peril.

If you possess a contract, license, agreement or writing on which you will rely for authorization of your use of our client's image, please provide us with this evidence so we may avoid further controversy or litigation. Otherwise, we will be forced to assume that your use violated the law.

*Damages*

Copyright law provides several different elements of compensation to Myeress when a work is infringed or altered. Section 504 permits Myeress to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or statutory damages of up to $150,000 per work infringed. Myeress can present both damages theories to the jury and select the higher award any time prior to entry of judgment.

Academic studies have demonstrated that the use of good quality photographs more effectively market and advertise products and drive sales. Myeress' photographs are of the highest quality. Myeress' photographs are also scarce since he is one of the only sources of such quality photographs.

Myeress' damages are not limited to what he would have agreed to license the Work for prior to the infringement. Rather, Myeress' actual damages will be measured by the fair market value of the photograph considering Gutierrez's use to sell and promote its business. Myeress' actual damages must be measured in light of Gutierrez's use of Myeress' high quality and unique photograph.

This is consistent with federal courts' approach to broadly construing the term "actual damages" to favor victims of infringement. See, e.g., *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001). The fair market value approach for calculating damages is an accepted approach to valuing the defendants' uses of photographs. See *Leonard v. Stemtech Int'l, Inc.*, Nos. 15-3198, 15-3247, 2016 U.S. App. LEXIS 15565 (3d Cir.

Joanna Gutierrez
Ms. Joanna Gutierrez
November 14, 2018
Page 4

Aug. 24, 2016).  In addition, Myeress can offer evidence of the actual cost to take the photograph infringed on a time and materials basis.

Section 504 of the Copyright Act permits Myeress to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Therefore, Myeress will also be entitled to Gutierrez's profits from the infringement, based upon the revenue Gutierrez earned in connection with the use of Myeress' photograph.

Alternatively, Myeress could seek statutory damages for infringement in an amount of up to $30,000 per work infringed.  There is also the possibility that a judge or jury could determine that Gutierrez's infringement was willful.  If Gutierrez's infringement was shown to be willful, the statutory damage award would increase to an amount up to $150,000 per work infringed.

There is also the issue of the removal of Myeress' copyright management information.  17 USC 1203(c)(3)(B) permits Myeress to recover statutory damages of not less than $2,500 or more than $25,000 per violation of the prohibition against alteration or removal of copyright management information contained in Section 1202.  Based upon Gutierrez's removal of Myeress' CMI, Myeress will seek the maximum statutory damages of $25,000 per photograph against Gutierrez for this violation.

*Demand*

In order to determine how to proceed, please provide us with information and documents showing:

1. the full nature and extent of the use of our client's image, in any and all formats;

2. representative copies in any and all tangible form and media in which our client's image was incorporated or employed; and

3. the source of the image;

Upon receipt of this information we will consider and determine an appropriate amount of compensation required to be paid to our client in compensation.

Please carefully consider this letter and the associated exhibits and provide them to your attorneys and insurance carriers.  If we do not receive a response from you or a

Joanna Gutierrez
Ms. Joanna Gutierrez
November 14, 2018
Page 5

representative by November 28, 2018, we will take further steps to protect our client's rights.  We look forward to your prompt response.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosures

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-955-450**

**Effective Date of Registration:**
April 08, 2015

## Title
    **Title of Work:** Group Registration Photos, Joe Myeress 2009, Published approx. Jan. 03, 2009 to Nov. 07, 2009; 59 photos.

    **Content Title:** IMG_0997 (published January 03, 2009); IMG_1038b, IMG_1063, IMG_1002b, IMG_1011, IMG_1082b2, IMG_1036, IMG_1082b (published approx. January 03, 2009); IMG_0241_2_3, IMG_0384, IMG_0389, IMG_0390, IMG_0390b, IMG_0398, IMG_0405, IMG_0408, IMG_0413, IMG_0420, aaa_nite, IMG_3145, IMG_3138, blueprint, IMG_0219, IMG_0221_2_3, IMG_0221_2_3c, IMG_0240, IMG_3146 (published approx. March 01, 2009); IMG_3277_5_6b, IMG_3264 (published approx. March 21, 2009); IMG_0335b, IMG_0338 (published approx. April 01, 2009); IMG_3628 (published approx. May 16, 2009); IMG_0850, IMG_0822, IMG_0572, IMG_0850_1_2b, IMG_0834 (published approx. August 01, 2009); IMG_0959c, IMG_0991, IMG_0984b, IMG_0965, IMG_0959d_4x6 (published approx. September 01, 2009); IMG_1210b, IMG_1605b, IMG_1692, IMG_1698, IMG_1734, IMG_1800, IMG_1801, IMG_1801b, IMG_1825b, IMG_1870b, IMG_1876, IMG_1884, IMG_1916-2, IMG_1951b, IMG_1967 (published approx. October 15, 2009); IMG_2040, IMG_2117b (published approx. November 07, 2009).

## Completion/Publication
    **Year of Completion:** 2009
    **Date of 1st Publication:** January 03, 2009
    **Nation of 1st Publication:** United States

## Author

-     **Author:** Joe Myeress
    **Author Created:** photograph
    **Work made for hire:** No
    **Citizen of:** United States
    **Domiciled in:** United States
    **Year Born:** 1963

## Copyright Claimant
    **Copyright Claimant:** Joe Myeress
    21 St John Ct, Bogart, GA 30622, United States

## Rights and Permissions

**Name:** Joe Myeress
**Email:** joemyeress@gmail.com
**Telephone:** (706)202-7719
**Address:** 21 St John Ct
Bogart, GA 30622  United States

## Certification

**Name:** Joe G. Naylor
**Date:** April 08, 2015
**Applicant's Tracking Number:** USCO-00034

**Copyright Office notes:** Regarding registration of multiple works: Publication date is a range from 1/3/09 to 11/7/09







Joel B. Rothman
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

November 29, 2018

<u>Admitted to Practice</u>
Florida, New York, Georgia
and the Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
Michigan
W.D. Tennessee
Washington DC

**VIA EMAIL: joannang@cervera.com**
Ms. Joanna N. Gutierrez
12965 SW 132 Terrace
Miami, FL 33186

**Re:   Myeress v. Gutierrez**
          **Our File:  00247-0031**

Dear Ms. Gutierrez,

We write this follow up letter on behalf of our client Joe Myeress, for the purposes of resolving a case of copyright infringement against you by our client.  This demand is privileged from disclosure pursuant to FRE Rule 408.

Enclosed please find our prior letter dated November 14, 2018, wherein we detailed the basis of the copyright infringement claim against you, including the evidence of infringement.

We note that a review of the accused infringing webpage shows that the infringement has been removed.  However, this does not dispose of our client's claim.  It is imperative that you respond to us.  If we do not hear back from you, we will be forced to take further steps to protect our client's rights including by filing a lawsuit against you.  We also repeat our demand that you tender this claim to your insurance carrier.  We look forward to your prompt response.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosures



Joel B. Rothman
Board Certified in Intellectual Property Law
Direct: 561.404.4335
joel.rothman@sriplaw.com

November 29, 2018

<u>Admitted to Practice</u>

Florida, New York, Georgia
and the Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
Michigan
W.D. Tennessee
Washington DC

**VIA EMAIL: joannang@cervera.com**
Ms. Joanna N. Gutierrez
12965 SW 132 Terrace
Miami, FL 33186

**Re:   Myeress v. Gutierrez**
      **Our File:  00247-0031**

Dear Ms. Gutierrez,

We write pursuant to § 627.4137, Florida Statutes, to demand a response with insurance information for each known policy of liability insurance your clients may have that may provide coverage for all or a portion of our client's claims in this matter:

(a) The name of the insurer.

(b) The name of each insured.

(c) The limits of the liability coverage.

(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement, and

(e) A copy of the policy.

Thank you in advance for your anticipated cooperation.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj